145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl THOMPSON, Plaintiff-Appellant,
v.
Patrick KEOHANE, et al., Defendant-Appellee.
 No. 97-35309.
D.C. No. A-91-0171-CV-JWS.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1998.
Decided May 6, 1998.
 
 1
 Appeal from the United States District Court for the District of Alaska John W. Sedwick, District Judge, Presiding.
 
 
 2
 Before ALARCN and HAWKINS, Circuit Judges, and BREWSTER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Petitioner Carl Thompson ("Thompson") appeals from the denial of his 26 U.S.C. § 2254 habeas corpus petition. Thompson claims that the district court erred in finding that he was not in custody for purposes of Miranda and therefore not entitled to Miranda warnings prior to questioning by the Alaska state police. State court findings on the historical circumstances surrounding an interrogation are factual findings accorded a presumption of correctness under 28 U.S.C. § 2254(d). See Thompson v. Keohane, 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995). Whether an individual was "in custody" for purposes of Miranda is a mixed question of fact and law which we review de novo. See id. We affirm.
 
 
 5
 An officer has a duty to administer Miranda warnings "only where there has been such a restriction on a person's freedom as to render him 'in custody.' " Stansbury v. California, 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (per curiam) (quotations omitted) (quoting Oregon v. Mathiason, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (per curiam)). We must examine the totality of the circumstances surrounding the interrogation to determine whether a person is in custody. See id. The "ultimate inquiry," however, is "whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." California v. Beheler, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (citation and quotations omitted).
 
 
 6
 The record in this case supports the conclusion that Thompson was not in custody for Miranda purposes.[1] He voluntarily went to the police station upon request. He was informed numerous times that he was free to leave. In fact, when the police had finished questioning Thompson, they allowed him to leave. In light of these facts, we conclude that Thompson was not entitled to Miranda warnings. See Beheler, 463 U.S. at 1125 (holding that defendant was not in custody for purposes of Miranda despite police questioning him in the station house and considering him the main suspect); Mathiason, 429 U.S. at 495 (1977) (holding that defendant was not entitled to Miranda warnings because he went to the police station voluntarily, was informed that he was not under arrest, and left the station after police questioning). Accordingly, the district court's denial of Thompson's petition is AFFIRMED.
 
 
 
 **
 Honorable Rudi M. Brewster, United States District Judge, for the Southern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address the issue of voluntariness. Although this issue was raised and considered by the district court on remand, appointed counsel for Thompson did not raise the issue here